**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHARL FITZGERALD HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          No. 4:20-cv-00868-SNLJ |
| | ) |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Charl Fitzgerald Howard for

leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2).

Having reviewed the motion and the financial information submitted in support, the Court has

determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial

partial filing fee of $11.40. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed

below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 7). The account statement shows an average monthly deposit of $57.00. The Court will therefore assess an initial partial filing fee of $11.40, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. The complaint names the SLCJC, the St. Louis Police Department, Detective Clark, and Detective Walsh as defendants. (Docket No. 1 at 2-3). Defendants are sued in their official capacities only. The complaint concerns the SLCJC's alleged mishandling of the COVID-19 virus,[1] as well as the criminal investigation of plaintiff by the St. Louis Police Department, Detective Clark, and Detective Walsh.[2]

In his first claim, plaintiff asserts that the SLCJC has housed him in a cell with an inmate who exhibited COVID-19 symptoms. (Docket No. 1 at 3). Furthermore, he states that he has been

---

[1] COVID-19 is the name of the illness caused by the novel coronavirus known as SARS-CoV-2, which originated in China, and has spread globally, resulting in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 2020 WL 1933122, at *1 (8th Cir. 2020).

[2] According to Case.net, Missouri's online case management system, a grand jury indictment was filed on January 22, 2019, charging plaintiff in state court with first-degree murder, first-degree burglary, and two counts of armed criminal action. *State of Missouri v. Howard*, No. 1822-CR03938-01 (22nd Jud. Cir., St. Louis City). The case remains pending, with a case review scheduled for November 5, 2020.

3

refused a single-man cell, which he "he had up until a month ago." Plaintiff contends that he should be placed in a single-man cell because he has asthma and COPD. He also alleges that he has not been allowed to clean and sanitize his cell, the recreation areas, the sinks, toilets, or showers, denying him the benefits of the COVID-19 protocols that the SLCJC should comply with.

In his second claim, plaintiff states that St. Louis Detectives Clark and Walsh "intimidated and harassed" him and his girlfriend during the course of an investigation in March 2018. (Docket No. 1 at 4). He states that he was wrongfully detained against his will on two occasions. He further asserts that his front door and back door were destroyed by Detectives Clark and Walsh "invading and searching [his] home." Similarly, he alleges that his car was destroyed "after having [been] stolen without a warrant." Plaintiff also contests the propriety of his being arrested at work without being Mirandized or told why he was being arrested.

As a result of defendants' actions, plaintiff states that he has been exposed to "inmates and staff who have complained of coronavirus symptoms," and that he "may well be infected [himself]." He further complains of suffering from emotional trauma, hopelessness, depression, and from a worsening of preexisting mental health conditions. (Docket No. 1 at 4-5).

Plaintiff states that he is entitled to damages for his loss of employment, the loss of his home, the loss of his car, and to cover his medical expenses. (Docket No. 1 at 5). In total, he seeks approximately $2,000,000.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants have not taken sufficient steps to protect him from COVID-19, and also violated his constitutional rights while conducting a criminal investigation against him that

4

resulted in his arrest. For the reasons discussed below, plaintiff's complaint will be dismissed without prejudice for failure to state a claim.

### A. Defendants St. Louis City Justice Center and St. Louis Police Department

Plaintiff has sued both the SLCJC and the St. Louis Police Department. These defendants, however, are departments or subdivision of local government, and not juridical entities, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, the claims against them must be dismissed.

Even if the Court were to substitute the City of St. Louis as the proper party defendant, plaintiff has failed to state a municipal liability claim. A local governing body such as the City of St. Louis can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an

5

extension of the same"). Thus, there are three ways in which plaintiff can prove the City of St. Louis's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

6

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's allegations, such as they are, do not support the proposition that his rights were violated due to an unconstitutional policy, custom, or failure to train on the part of the City of St. Louis. First, plaintiff has not established that the City of St. Louis had an unconstitutional policy, as his facts do not point to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." In other words, plaintiff's conclusory allegations do not indicate that the SLCJC's reaction to COVID-19, or the St. Louis Police Department's criminal investigation of him, were the result of deliberate choices made by municipal officials.

Second, plaintiff has not shown that his rights were violated due to an unconstitutional custom. That is, he has not demonstrated the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct" by City of St. Louis employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To the contrary, plaintiff's allegations regard things that happened to him alone, and do not demonstrate any sort of pattern whatsoever.

Finally, for the same reasons, plaintiff has failed to show that the City of St. Louis violated his constitutional rights by failing to train or supervise its employees. Specifically, he has not alleged a "pattern of similar constitutional violations by untrained employees."

Plaintiff's allegations do not state a municipal liability claim, as they fail to demonstrate the violation of his constitutional rights due to an unconstitutional policy, custom, or failure to train. As such, even if the Court were to substitute the City of St. Louis as defendant, the claim against it would have to be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## B. Defendants Clark and Walsh

Plaintiff has named both Detective Clark and Detective Walsh as defendants, but he has sued them in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

8

Detective Clark and Detective Walsh are alleged to be employed by the St. Louis Police Department. Thus, the official capacity claims against them are actually claims against the City of St. Louis itself. To prevail on these claims, plaintiff must establish the City of St. Louis's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. However, as discussed above, plaintiff has not stated a municipal liability claim against the City of St. Louis, because he has not demonstrated that his constitutional rights were violated due to an unconstitutional policy, custom, or failure to train. As such, the official capacity claims against Detective Clark and Detective Walsh, which are the only claims asserted, must be dismissed.

Even if the Court were to assume that Detective Clark and Detective Walsh were sued in their individual capacities, as well as their official capacities, plaintiff has failed to state a claim against them. In order to state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. That is, the complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). "While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

None of plaintiff's factual allegations demonstrate a plausible a plausible claim for relief. With regard to Detectives Clark and Walsh, his "Statement of Claim" is a vague listing of grievances regarding a criminal investigation undertaken against him. It mainly consists of conclusory statements, such as plaintiff's assertions that he was "harassed" and "detain[ed]" against [his] will," and that his house was "invad[ed]" and his car "stolen." Plaintiff provides no factual support for his conclusions. Instead, he leaves it to the Court to speculate about police misconduct based on his ambiguous contentions. The Court is not required to accept such pleadings as true. Moreover, plaintiff provides no indication as to what Detective Clark and Detective Walsh actually did or did not do to him. To the contrary, he treats them as a single unit, and then simply lists purported constitutional violations, without connecting each violation to a specific defendant. This does not give either Detective Clark or Detective Walsh fair notice of the basis or grounds for the claim against them. For these reasons, even if plaintiff had sued Detective Clark and Detective Walsh in their individual capacities, the claims against them must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $11.40 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this _6th_ day of _October_, 2020.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

11